### EAST OHIO GAS CO v DANIEL

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10279. Decided October 21, 1929

Messrs. Tolles, Hogsett & Ginn, Cleveland, for Gas Co.

Mr. Irwin Greene, Esq., Cleveland, for Daniel.

VICKERY, PJ.

Here are two men in a common enterprise, with the odor of gas so prevalent that it could be smelled everywhere, searching for the leak and striking a match, and the usual thing resulted that happens when one is searching for a gas leak with a lighted match. We think the record shows, as a matter of law, that the plaintiff was guilty of contributory negligence in that both he and his brother were engaged in a common enterprise, and it is not necessary to invoke the doctrine of imputed negligence because, as already stated, they joined in a common enterprise, and it shows that they were guilty of contributory negligence.

Personally, the writer of this opinion thinks that there is no evidence that is competent in the record to show that the Gas Company was to blame in any way. The plumber testified that he later found a leak under the porch of the house on the premises owned by the landlord and that the Gas Company was responsible for that leak, none of which is competent evidence. Ordinarily, the equipment from the gas mains into and through the house belongs to the owner of the property and it may be put in not by the Gas Company but by some other plumber. Of course, it may be put in by the Gas Company, but in such event it gets paid for it and the equipment on the premises still belongs to the property owner; and there is nothing in this record to show, except the incompetent testimony of the plumber, who knew nothing about it, how this equipment was installed or to who mit belonged.

Of course, if the Gas Company has assumed the duty of inspection, and if through a faulty inspection this explosion occurred, it might be responsible if the other question of contributory negligence had not intervened. There is nothing in this record to show that the gas escaped from the mains owned and operated and controlled by the Gas Company. Of course, it is claimed and the claim is probably true, that none but the Gas Company could turn the gas into the meter. Usually the meter is detached and the gas is turned off when the house is unoccupied and in order to charge a new tenant with gas, it is necessary to have the gas turned on at the meter and that, of course, is the duty of the Gas Company, and no one

else has that right. But that alone would not make it responsible for the condition of the pipes over which it has no control from the main into the house up the meter. This part of this opinion voices the sentiments only of this particular member of the court, but the reversal is made upon the ground that the evidence shows that the two men were joined in a common enterprise and that they were guilty of contributory negligence in striking the match when the room was filled and permeated with gas as the evidence shows it was in this case.

Sullivan, J. concur in judgment.

Levine, J, dissents.